UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ATALAMI TILI,

                    Plaintiff,

        v.

PIERCE COUNTY JAIL,
LAKEWOOD POLICE
DEPARTMENT, CPS,

                    Defendants.

CASE NO. 3:18-cv-05799-BHS-TLF

REPORT AND RECOMMENDATION

Noting Date: December 7, 2018

This matter is before the Court on plaintiff's proposed civil rights complaint under 42 U.S.C. § 1983 (Dkt. 1-1). Because plaintiff has not paid the Court filing fee or submitted a proper *in forma pauperis* ("IFP") application, and because of deficiencies in the proposed complaint, the undersigned recommends the Court dismiss the complaint, with leave to file an amended complaint upon payment of the filing fee.

PROCEDURAL HISTORY

On October 1, 2018, plaintiff filed her proposed complaint, but did not submit an IFP application or pay the required filing fee. Dkt. 1. On October 4, 2018, the Clerk sent plaintiff a letter informing her of the IFP deficiency, and directing her to submit a proper IFP application or

REPORT AND RECOMMENDATION - 1

1   pay the filing fee by November 5, 2018. Dkt. 2. The Clerk also attached an IFP application form

2   to that letter. *Id.*

3         On October 17, 2018, the Court received a copy of plaintiff's prison trust account and a

4   letter from plaintiff stating that the Washington Corrections Center for Women – where she is

5   presently incarcerated – does not have the IFP application form, and requesting a copy of that

6   form. Dkt. 3. However, there is no indication plaintiff did not receive the IFP application form

7   sent to her by the Clerk on October 4, 2018. To date, plaintiff has not submitted a completed IFP

8   application form or paid the filing fee.

9      <u>PLAINTIFF'S PROPOSED COMPLAINT</u>

10       In her proposed complaint, plaintiff requests help with a lawsuit against Child Protective

11   Services ("CPS") for the removal of her children from her custody, alleging she was blackmailed

12   – by CPS, Pierce County Jail or both – "into taking a plea." Dkt. 1, p. 4. Plaintiff also complains

13   that CPS took and interrogated her children "without any parental rights," and asks for assistance

14   in getting her and her children's freedom back. *Id.* at pp. 5-6.

15       Plaintiff further alleges that one or more attorneys at the Pierce County Jail ("PCJ") used

16   her children against her, telling her to take the plea or she would sit in jail for up to a year

17   without seeing her children.[1] *Id.* at p. 5. In addition, plaintiff alleges the Lakewood Police

18   Department ("LPD") kept her at the PCJ for at least six or seven hours without food, even though

19   she was pregnant at the time. *Id.*

20       Plaintiff also indicates her desire to file a lawsuit for "misconduct of representation"

21   against a Liza Prescott, who is not a party to this lawsuit, regarding the neglect of a child. *Id.* at

---

[1] Plaintiff refers to "the attorney at Pierce County", to the prosecutor at the Pierce County Jail – Erica Ergusen, and to another attorney Leslie Tolzan. Dkt. 1, p. 5. None of these individuals are named as defendants.

1    p. 6. Plaintiff claims as well that her attorney – who also is not named as a defendant – went

2    against her instead of fighting for her in relation to the plea offer she received. *Id.* at p. 7. Lastly,

3    plaintiff claims she was wrongfully convicted. *Id.*

4                                          STANDARD OF REVIEW

5          The district court may allow a litigant to proceed IFP upon the submission of a proper

6    affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, IFP status is a privilege not a right,

7    and the district court has discretion to deny such status. *O'Laughlin v. Doe*, 920 F.2d 614, 616

8    (9th Cir. 1990); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). The district court,

9    furthermore, must screen prisoner lawsuits, and dismiss them *sua sponte* if they fail to state a

10   claim on which relief may be granted. *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000)

11   (citing 28 U.S.C. § 1915(e)(2)).

12         A complaint fails to state a claim on which relief may be granted if it lacks a cognizable

13   legal theory or if it fails to allege sufficient facts under a cognizable legal theory. *Woods v. U.S.*

14   *Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). A claim is factually sufficient if the district

15   court can reasonably infer from the claim that the defendant is liable for the alleged misconduct.

16   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

17         Before the district court may dismiss the complaint for failure to state a claim, in general

18   it must notify the plaintiff of the deficiencies in his or her complaint and provide the plaintiff

19   with an opportunity to amend the complaint prior to dismissal. *Lee v. City of Los Angeles*, 250

20   F.2d 668, 683 n.7 (9th Cir. 2001). The district court may deny leave to amend the complaint

21   "only where the plaintiff 'cannot possibly win relief.'" *Id.* (quoting *Wong v. Bell*, 642 F.2d 359,

22   362 (9th Cir. 1981)).

23

24

<u>DISCUSSION</u>

1.    *Coerced Plea Agreement; Wrongful Conviction*

Plaintiff alleges she was "blackmailed" into taking a plea – including being threatened with the removal of her children if she did not agree to take it – and seeks "freedom" for both herself and her children. Plaintiff also alleges that her attorney worked against her in relation to her plea offer, and that she was wrongly convicted.

A writ of habeas corpus, however, is "the exclusive remedy" for those state prisoners who challenge the fact or duration of their confinement and who seek "immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855 (9th Cir. 2003). A § 1983 action brought by a state prisoner is therefore "barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in the original).

To the extent plaintiff can prove she was blackmailed into taking a plea or was otherwise coerced into doing so, those claims are barred under *Heck* as success on those claims necessarily would invalidate her conviction. Nor has plaintiff shown that her conviction has previously been invalidated. A habeas corpus petition is her sole avenue for relief.

2.    *CPS Claims*

A state has Eleventh Amendment immunity to lawsuits brought by its own citizens in federal court. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). This is true "regardless of the nature of the relief sought." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Ed.*, 616 F.3d 963, 967 (9th Cir. 2010) (citing *Papason v. Allain*, 478 U.S. 265, 276 (1986)). A state

1  agency, as an arm of the state, is also immune from such suits. *Flint v. Dennison*, 488 F.3d 816,

2  824 (9th Cir. 2007). Further, a state agency is not a "person" under § 1983.[2] *Id.*

3          Plaintiff's claims against CPS, an agency of the State of Washington, are therefore barred

4  by the Eleventh Amendment.

5          To the extent plaintiff seeks to overturn a state court judgment regarding the removal of

6  her children, this Court should abstain from addressing the matter. *Noel v. Hall*, 341 F.3d 1148,

7  1154 (9th Cir. 2003) (only the United States Supreme Court may hear a direct appeal from a state

8  court judgment). If state court proceedings are ongoing, the Court should abstain on this basis as

9  well to avoid interference. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S.

10  423, 437 (1982); *Canatella v. California*, 404 F.3d 1106, 1109-1110 (9th Cir. 2005) (abstention

11  required absent "extraordinary circumstances").

12  3.     *PCJ and LPD Claims*

13          The PCJ and LPD may be liable under § 1983 if they deprive plaintiff of her rights or

14  cause her to be subjected to such deprivation. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). To

15  impose liability plaintiff must prove an action taken pursuant to official local government policy

16  caused the alleged injury. *Id.* Plaintiff also may establish liability by showing the deprivation

17  occurred as a result of a local government "custom". *Navarro v. Block*, 72 F.3d 712, 714 (9th

18  Cir. 1995). Mere allegations of liability, however, will not suffice. *Sandoval v. Las Vegas Metro.*

19  *Police Dep't*, 756 F.3d 1154, 1167-68 (9th Cir. 2014).

20          Here, plaintiff merely alleges the PCJ used her children against her to force her to take a

21  plea. Likewise, plaintiff alleges only that the LPD kept her for at least six or seven hours without

22  _____

23  [2] Section 1983 provides in relevant part that every "person" who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action

24  at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

1    food. Plaintiff does not allege or otherwise show that the actions taken by the PCL and LPD were

2    due to any custom or official policy. Accordingly, plaintiff has failed to establish liability on the

3    part of either entity.

4    4.      *Claims Against PCJ Attorneys*

5          Although not named as a defendant, plaintiff may be asserting a claim against prosecutor

6    Erica Ergusen for using plaintiff's children against her to force her to take the plea. While Ms.

7    Ergusen is not entitled to prosecutorial immunity in this case as plaintiff seeks injunctive relief

8    only, *Gobel v. Maricopa Cty.*, 867 F.2d 1201, 1203 (9th Cir. 1989), because this claim if proven

9    would necessarily call into question the legality of the plea agreement, it is barred under *Heck*.

10    *Wilkinson*, 544 U.S. at 81-82.

11          To the extent plaintiff is asserting the same claim against "the attorney at Pierce County"

12    or attorney Leslie Tolzan, the claim against them is barred for the same reason. The claim further

13    fails because plaintiff has not shown that either individual was acting under color of state law at

14    the time of the alleged injury, i.e. that they were acting in the capacity of a state or local official.

15    *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015).

16    5.      *Claim Against Liza Prescott*

17          Plaintiff's desire to sue an individual named Liza Prescott for "misconduct of

18    representation" regarding the neglect of a child also fails. Plaintiff has made no showing that Ms.

19    Prescott is a state actor. *Naffe*, 789 F.3d at 1035. Such a lawsuit would be inappropriate under §

20    1983, as there is no indication any wrongdoing that may have occurred has resulted in the

21    deprivation of plaintiff's federal rights. *Id.*

22    6.      *Claim Against Plaintiff's Attorney*

23          Plaintiff's claim that her attorney did not fight for her in relation to her plea offer again

24

1    implicates the legality of her conviction, and therefore is barred under *Heck*. It is barred as well

2    because plaintiff has not shown her attorney acted under color of state law. *Wilkinson*, 544 U.S.

3    at 81-82; *Naffe*, 789 F.3d at 1035.

4                                            RECOMMENDATION

5            Plaintiff has neither filed a proper IFP application nor paid the Court filing fee. Further,

6    for the reasons set forth above, plaintiff's proposed complaint is fatally deficient, in that it fails to

7    state a claim upon which relief may be granted. Accordingly, the Court should dismiss plaintiff's

8    proposed complaint (Dkt. 1).

9            If the Court allows plaintiff to proceed with this matter, the Court should require her to

10   pay the filing fee and file an amended complaint – correcting, if possible, the deficiencies noted

11   above – within thirty (30) days of the Court's adoption of this Report and Recommendation. If

12   plaintiff fails to pay the filing fee or file an amended complaint as directed, the Court should

13   dismiss this matter with prejudice.

14           Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("FRCP") 72(b),

15   the parties shall have **fourteen (14) days** from service of this Report to file written objections.

16   *See also* FRCP 6.  Failure to file objections will result in a waiver of those objections for

17   purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating

18   the time limit imposed by FRCP 72(b), the clerk is directed to set the matter for consideration on

19   **December 7, 2018**, as noted in the caption.

20           Dated this 20th day of November, 2018.

21

22

23                                                      _Theresa L. Fricke_
                                                        _____
24                                                      Theresa L. Fricke
                                                        United States Magistrate Judge